■ KEITH ORSI et al., Respondents, v SUSAN HARALABATOS et al., Appellants, et al., Defendants. [934 NYS2d 195]—

" 'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury' " (*Barnett v Fashakin*, 85 AD3d 832, 834 [2011], quoting *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Guzzi v Gewirtz*, 82 AD3d 838 [2011]). Thus, on a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant health care provider has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Wexelbaum v Jean*, 80 AD3d 756, 757 [2011]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]). "[T]o defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (*Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

In support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendants Susan Haralabatos and her employer, Stony Brook Orthopaedic Associates (hereinafter together the defendants), submitted affirmations from expert physicians that were sufficient to establish, prima facie, that the post-operative care received by the injured plaintiff following repair of a bone fracture did not depart from good and accepted standards of medical practice, and that, in any event, any alleged departures did not proximately cause the injured plaintiff's injury (*see Lowhar v Eva Stern 500, LLC*, 70 AD3d 654, 655 [2010]; *Wiands v Albany Med. Ctr.*, 29 AD3d 982, 983 [2006]). Therefore, the defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law.

While the plaintiffs, in opposition, submitted an affirmation from an expert physician that raised triable issues of fact as to whether Dr. Haralabatos may have departed from good and accepted practice, they failed to raise a triable issue of fact as to whether the alleged departures proximately caused the injured plaintiff's condition (*see Wilkins v Khoury*, 72 AD3d 1067, 1068 [2010]; *see generally Fahey v A.O. Smith Corp.*, 77 AD3d 612, 616 [2010]).

Accordingly, the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.