■ Ava Faicco et al., Appellants, v Stephen Golub et al., Respondents, et al., Defendants. [938 NYS2d 105]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

" 'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury' " (*Roca v Perel*, 51 AD3d 757, 758 [2008], quoting *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Flaherty v Fromberg*, 46 AD3d 743, 745 [2007]). "Thus, '[o]n a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby' " (*Roca v Perel*, 51 AD3d at 758-759, quoting *Chance v Felder*, 33 AD3d 645, 645 [2006]; *see Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

Here, viewing the evidence in the light most favorable to the plaintiffs (*see e.g. Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), we conclude that the defendants Stephen Golub, Philip J. Makowski, and Port Jefferson Obstetrics & Gynecology, P.C. (hereinafter collectively the movants), failed to establish, prima facie, that the defendants Stephen Golub and Port Jefferson Obstetrics & Gynecology, P.C., were entitled to summary judgment dismissing the complaint insofar as asserted against them. The movants' expert affirmation, in concluding that there was no departure from good and accepted medical practice and that, in any event, any departure was not a proximate cause of the infant plaintiff's injuries, was conclusory, failed to address conflicting evidence in the record, and was insufficient to refute allegations set forth in the plaintiffs' supplemental bill of particulars (*see Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]; *Kuri v Bhattacharya*, 44 AD3d 718 [2007]; *see also Callahan v Guneratne*, 78 AD3d 753, 754 [2010]). In light of this determination, it is unnecessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d at 1045; *LaVecchia v Bilello*, 76 AD3d 548, 548 [2010]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1007 [2010]).

Accordingly, the Supreme Court should have denied that branch of the movants' motion which was for summary judgment dismissing the complaint insofar as asserted against Golub and Port Jefferson Obstetrics & Gynecology, P.C. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33686(U).]**