■ LYNN GARRETT, Respondent, v UNIVERSITY ASSOCIATES IN OBSTETRICS & GYNECOLOGY, P.C., et al., Defendants, and BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER et al., Appellants. [944 NYS2d 197]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendants Brookhaven Memorial Hospital Medical Center and Alan I. Nemeth appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), entered April 1, 2011, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Brookhaven Memorial Hospital Medical Center and Alan I. Nemeth which was for summary judgment dismissing the complaint insofar as asserted against the defendant Alan I. Nemeth, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On January 31, 2005, the plaintiff suffered a bowel perforation during a bilateral tubal ligation performed by the defendant Sara Petruska at Stony Brook University Hospital (hereinafter Stony Brook). The perforation was not discovered during the surgery, and the plaintiff was discharged from Stony Brook the same day. After her discharge, the plaintiff was in severe pain, so she went that night to the emergency room at the defendant Brookhaven Memorial Hospital Medical Center (hereinafter Brookhaven). On February 1, 2005, at approximately 1:30 A.M., she was seen by the defendant Alan I. Nemeth, who ordered a CT scan and various other tests and procedures. Because of the plaintiff's inability to stay still, the CT scan was delayed, and it was not done until shortly after Nemeth's shift had ended and the plaintiff's care had been transferred to Robert Ehlers. The radiologist's report of the CT scan indicated that the etiology of certain findings "includes bowel perforation," and advised "[p]lease correlate clinically." The plaintiff was nonetheless discharged from Brookhaven that day. She later returned to Stony Brook, where the perforation was eventually diagnosed and treated. By then, however, infection had set in and the plaintiff allegedly suffered severe consequential injuries.

The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against Petruska and her professional corporations, University Associates in Obstetrics & Gynecology, P.C., University Associates in Obstetrics & Gynecology, and University Faculty Practice Corporation, as well as Nemeth and Brookhaven. She also asserted a cause of action against Petruska and her professional corporations alleging lack of informed consent. With respect to Nemeth and Brookhaven, the plaintiff alleged, among other things, that the failure of Nemeth and Ehlers to order various consults, obtain certain records from Stony Brook, and diagnose the bowel perforation was a departure from the accepted standard of care and that the departure proximately caused or contributed to her injuries. Nemeth and Brookhaven (hereinafter together the appellants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied

the appellants' motion, determining that, in opposition to the appellants' prima facie showing, the plaintiff demonstrated the existence of triable issues of fact.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Caggiano v Cooling*, 92 AD3d 634 [2012]; *Myers v Ferrara*, 56 AD3d 78, 83 [2008]). A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any alleged departure was not a proximate cause of the plaintiff's injuries (*see Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Stukas v Streiter*, 83 AD3d at 24). The burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only upon the defendant physician's meeting the initial burden (*see Savage v Quinn*, 91 AD3d 748, 750 [2012]), and only as to the elements on which the defendant met the prima facie burden (*see Hayden v Gordon*, 91 AD3d 819, 821 [2012]; *Stukas v Streiter*, 83 AD3d at 24).

Here, the Supreme Court implicitly, and correctly, determined that the appellants established, prima facie, that neither Nemeth nor Ehlers departed from the applicable standard of care in their treatment of the plaintiff. The Supreme Court also correctly determined that the appellants established, prima facie, that nothing Nemeth or Ehlers did, or failed to do, proximately caused or contributed to the plaintiff's injuries consequent to the perforation that occurred during the surgery at Stony Brook (*see Orsi v Haralabatos*, 89 AD3d 997, 998 [2011], *lv granted* 18 NY3d 809 [2012]). Thus, the burden shifted to the plaintiff to demonstrate the existence of triable issues of fact with respect to both doctors as to both departure and proximate cause. Based on the affidavits submitted by the plaintiff's expert witnesses, the Supreme Court correctly determined that the plaintiff raised a triable issue of fact as to whether Nemeth and Ehlers departed from the accepted standard of care (*see Hayden v Gordon*, 91 AD3d at 821). The plaintiff also raised a triable issue of fact as to whether Ehlers's alleged departures, specifically in discharging the plaintiff from the hospital without diagnosing the perforation, proximately caused or contributed to her injuries (*see Sandmann v Shapiro*, 53 AD3d 537, 537-538 [2008]). The expert affidavits adequately opined to a reasonable degree of medical certainty that Ehlers's failure to diagnose the perforation was a proximate cause of the

significant worsening of the plaintiff's injuries following the perforation itself. Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against Brookhaven (*see Stukas v Streiter*, 83 AD3d at 31).

The plaintiff failed, however, to demonstrate the existence of a triable issue of fact as to whether Nemeth's alleged departures proximately caused or contributed to the plaintiff's injuries (*see Barrett v Hudson Val. Cardiovascular Assoc., P.C.*, 91 AD3d 691, 692-693 [2012]; *Orsi v Haralabatos*, 89 AD3d at 998). Nemeth ordered a CT scan, which, as noted in the radiologist's report, revealed the possibility of a perforation. Nemeth had already transferred the plaintiff's care to Ehlers by the time that test was performed, and, thus, Nemeth is not responsible for the failure to act on the report. Moreover, the plaintiff's expert affidavits did not explain how Nemeth's alleged departures, such as his failure to order surgical and gynecologic consults, delayed discovery of the perforation. In particular, the plaintiff's experts failed to explain how, absent Nemeth's alleged departures, the perforation would have been discovered any earlier than it would have been if prompt attention had been given to the radiologist's report of the CT scan. Consequently, there is nothing in this record that raises a triable issue of fact as to whether Nemeth's alleged failures delayed the discovery and treatment of the perforation (*see Andreoni v Richmond*, 82 AD3d 1139, 1140 [2011]).

Since the plaintiff failed to raise a triable issue of fact as to whether Nemeth's alleged departures proximately caused or contributed to the plaintiff's injuries, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against Nemeth (*see Orsi v Haralabatos*, 89 AD3d at 998). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur. **[Prior Case History: 31 Misc 3d 1207(A), 2011 NY Slip Op 50528(U).]**