■ EVE MANCUSO et al., Appellants, v PHILIP L. FRISCIA, et al., Respondents, et al., Defendants. [970 NYS2d 77]—

In an action to recover damages for medical malpractice, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), entered May 2, 2012, as granted the motion of the defendants Philip L. Friscia and Staten Island University Hospital for summary judgment dismissing the complaint insofar as asserted against them, and (2) from a judgment of the same court entered July 30, 2012, which, upon the order, dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion of the defendants Philip L. Friscia and Staten Island University

Hospital for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint insofar as asserted against those defendants is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In December 1999, at the age of 44, the plaintiff Eve Mancuso (hereinafter the patient) was diagnosed with Stage 1 breast cancer in her right breast. At the time, four of the patient's five paternal aunts had died of breast cancer, one of whom had been diagnosed at the age of 40. Sometime after the patient's diagnosis, her fifth paternal aunt was diagnosed with breast cancer as well. On March 3, 2000, the patient underwent a right breast mastectomy. On January 8, 2001, she underwent a prophylactic mastectomy of her healthy left breast, which she requested because she could "no longer function with her anxiety over her left breast." The patient saw the defendant Philip L. Friscia, a physician employed by the defendant Staten Island University Hospital (hereinafter the Hospital and hereinafter together the respondents) for routine follow-up treatment from March 12, 2001, through November 15, 2007, visiting him approximately every six months for monitoring through physical exams, screenings, and blood tests for certain "tumor markers." On November 30, 2007, Friscia informed the patient that her tumor markers were elevated. In December 2007, the patient was diagnosed with ovarian cancer. In their complaint, the plaintiffs alleged that, given the plaintiff's own medical history and that of her paternal family, as well as her father's Ashkenazi Jewish ethnicity, Friscia's failure to recommend, prior to November 2007, "BRCA" genetic testing or prophylactic surgery removing her ovaries, which could have prevented the onset of her ovarian cancer, constituted medical malpractice. The respondents moved for summary judgment dismissing the complaint insofar as asserted against them and the Supreme Court granted the motion.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*Faicco v Golub,* 91 AD3d 817, 818 [2012] [internal quotation

750

marks and citation omitted]; *see Roca v Perel,* 51 AD3d 757, 758 [2008]; *DiMitri v Monsouri,* 302 AD2d 420, 421 [2003]). "A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any alleged departure was not a proximate cause of the plaintiff's injuries" (*Garrett v University Assoc. in Obstetrics & Gynecology, P.C.,* 95 AD3d 823, 825 [2012]; *see Faicco v Golub,* 91 AD3d 817, 818 [2012]; *Stukas v Streiter,* 83 AD3d 18, 24 [2011]). "Furthermore, bare allegations which do not refute the specific factual allegations of medical malpractice in the bill of particulars are insufficient to establish entitlement to judgment as a matter of law" (*Grant v Hudson Val. Hosp. Ctr.,* 55 AD3d 874, 874 [2008]; *see Wall v Flushing Hosp. Med. Ctr.,* 78 AD3d 1043, 1045 [2010]; *Terranova v Finklea,* 45 AD3d 572 [2007]; *Ward v Engel,* 33 AD3d 790, 791 [2006]; *Ticali v Locascio,* 24 AD3d 430 [2005]; *Berkey v Emma,* 291 AD2d 517, 518 [2002]; *Drago v King,* 283 AD2d 603, 603-604 [2001]).

Here, the allegations in the bills of particulars concerning the period from March 2001 through November 2007, when the patient was under Friscia's care, were that Friscia departed from the accepted medical practices of that time by failing to recommend "BRCA" genetic testing and "prophylactic oophorectomy or bilateral salpingo-oophorectomy" to the patient, given her personal and family medical history. Since the respondents' expert failed to provide any information as to what the accepted medical practices were during the period at issue with regard to BRCA genetic testing, and did not refute or even address (*see Berkey v Emma,* 291 AD2d at 518) the specific allegations regarding the failure to recommend prophylactic oophorectomy or bilateral salpingo-oophorectomy, the respondents did not meet their prima facie burden on the issue of whether there was a departure from accepted medical practices.

Accordingly, the Supreme Court should have denied the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.