In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Martin, J.), dated September 6, 2012, which denied their motion for summary judgment dismissing so much of the complaint as alleged that the plaintiff Rechandle Schofield sustained a frozen left shoulder as a result of a bilateral mastectomy procedure performed by the defendant Edward B. Borden on November 10, 2005.
Ordered that the order is affirmed, with costs.
“The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury” (Faicco v Golub, 91 AD3d 817, 818 [2012] [internal quotation marks omitted]; see Roca v Perel, 51 AD3d 757, 758 [2008]; Furey v Kraft, 27 AD3d 416, 417-418 [2006]). “A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that *937 there was no departure or that any alleged departure was not a proximate cause of the plaintiffs injuries” (Garrett v University Assoc. in Obstetrics & Gynecology, P.C., 95 AD3d 823, 825 [2012]; see Faicco v Golub, 91 AD3d at 818; Stukas v Streiter, 83 AD3d 18, 24 [2011]). “Furthermore, bare allegations which do not refute the specific factual allegations of medical malpractice in the bill of particulars are insufficient to establish entitlement to judgment as a matter of law” (Grant v Hudson Val. Hosp. Ctr., 55 AD3d 874, 874 [2008]; see Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1045 [2010]; Terranova v Finklea, 45 AD3d 572 [2007]; Ward v Engel, 33 AD3d 790, 791 [2006]).
The Supreme Court denied the defendant’s motion for summary judgment dismissing so much of the complaint as alleged that the plaintiff Rechandle Schofield (hereinafter the injured plaintiff) sustained a frozen left shoulder as a result of a prophylactic bilateral mastectomy procedure performed by the defendant Edward B. Borden. The court concluded that the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not depart from accepted medical practice and that, in any event, any departure did not proximately cause the injured plaintiff to sustain a frozen left shoulder, but that the plaintiffs raised a triable issue of fact in opposition.
We agree with the Supreme Court that the defendants were not entitled to the relief requested, but for a different reason. The defendants’ expert failed to address the plaintiffs’ specific allegation, raised in the bill of particulars and amplified by the injured plaintiff’s deposition testimony, that the defendants departed from accepted medical practice by making medically unnecessary incisions in the injured plaintiffs axilla fossa during the prophylactic bilateral mastectomy that caused the injured plaintiff to sustain a frozen left shoulder. Consequently, the defendants failed to meet their prima facie burden on the issue of whether there was a departure from accepted medical practice. Thus, the defendants’ motion was properly denied without regard to the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Lormel v Macura, 113 AD3d 734, 735-736 [2014]; Faicco v Golub, 91 AD3d at 818).
Rivera, J.E, Leventhal, Hinds-Radix and Maltese, JJ., concur.