DIANE MONTAGNINO et al., Appellants, v INAMED CORPORATION et al., Defendants, and ALAN R. SHONS, M.D., Respondent. [993 NYS2d 82]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered May 11, 2012, which granted the motion of the defendant Alan R. Shons for summary judgment dismissing the complaint insofar as asserted against him, denied their cross motion to strike that defendant's answer or to preclude him from offering any expert evidence on the ground of spoliation of evidence, and declined to search the record and award them summary judgment on their causes of action alleging negligence, medical malpractice, and negligent spoliation of evidence insofar as asserted against that defendant.

Ordered that the order is affirmed, with costs.

The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury (*see Schofield v Edward B. Borden, M.D., P.C.*, 117 AD3d 936 [2014]; *Mancuso v Friscia*, 108 AD3d 748 [2013]; *Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Roca v Perel*, 51 AD3d 757, 758 [2008]; *Furey v Kraft*, 27 AD3d 416, 417 [2006]). Accordingly, a physician moving for summary judgment dismissing a cause of action alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries (*see Fink v DeAngelis*, 117 AD3d 894 [2014]; *DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012]; *Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]; *Garrett v University Assoc. in Obstetrics & Gynecology, P.C.*, 95 AD3d 823, 825 [2012]; *Faicco v Golub*, 91 AD3d 817 [2012]; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). Once the defendant physician has established a prima facie entitlement to judgment as a matter of law, the burden then shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met his or her prima facie burden (*see DiGeronimo v Fuchs*, 101 AD3d at 936; *Savage v Quinn*, 91 AD3d 748, 750 [2012]).

Here, the defendant Alan R. Shons established his prima facie entitlement to judgment as a matter of law through the submission of his deposition testimony, the injured plaintiff's medical and hospital records, and the affirmation of a medical expert stating that Shons did not deviate from the relevant standard of care in his treatment of the plaintiff. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court also properly declined to search the record and award the plaintiffs summary judgment on their causes of action alleging negligence, medical malpractice, and negligent spoliation of evidence. As to the negligence and medical malpractice causes of action, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law (*see Catalano v Tanner*, 23 NY3d 976 [2014]; *Valdes v Timberger*, 41 AD3d 836, 837 [2007]). With respect to the cause of action alleging negligent spoliation of evidence, New York does not recognize an independent cause of action for damages for such a tort (*see Ortega v City of New York*, 9 NY3d 69 [2007]; *Vargas v Crown Container Co., Inc.*, 114 AD3d 762 [2014]; *Hillman v Sinha*, 77 AD3d 887 [2010]). As to the applicability of the doctrine of res ipsa loquitor, the Supreme Court correctly deter-

mined that the doctrine was not applicable to this case (*see Bucsko v Gordon*, 118 AD3d 653 [2014]).

The Supreme Court also properly denied the plaintiffs' cross motion to strike Shons' answer or to preclude him from offering any expert evidence on the ground of spoliation of evidence. The Supreme Court correctly found that the plaintiffs failed to sustain their burden of demonstrating that these sanctions were warranted under the circumstances of this case (*see Shay v Mozer, Inc.*, 80 AD3d 687, 688 [2011]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]). Skelos, J.P., Hall, Duffy and Barros, JJ., concur.