■ KYLE FARRELL, an Infant, by His Mother and Natural Guardian, JEANNE FARRELL, Respondent-Appellant, v DAVID M.

Herzog, M.D., et al., Defendants, Michael A. Schirripa, M.D., Appellant, and Nick G Faraci, M.D., et al., Respondents. [998 NYS2d 202]—

In an action to recover damages for medical malpractice, the defendant Michael A. Schirripa appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated December 19, 2012, as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him and the plaintiff cross-appeals from so much of the same order as granted those branches of the motion of the defendants Nick G. Faraci, Linda DiToro, Comprehensive Pediatrics, P.C., and Faraci, Faraci & DiToro, Physicians, P.C., which were for summary judgment dismissing the complaint insofar as asserted against the defendants Nick G. Faraci, Linda DiToro, and Faraci, Faraci & DiToro, Physicians, P.C.

Ordered that the order is reversed insofar as cross-appealed from, on the law, and those branches of the motion of the defendants Nick G. Faraci, Linda DiToro, Comprehensive Pediatrics, P.C., and Faraci, Faraci & DiToro, Physicians, P.C., which were for summary judgment dismissing the complaint insofar as asserted against the defendants Nick G. Faraci, Linda DiToro, and Faraci, Faraci & DiToro, Physicians, P.C., are denied; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the appellant and the respondents appearing separately and filing separate briefs.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*Faicco v Golub*, 91 AD3d 817, 818 [2012] [internal quotation marks omitted]; *see Schofield v Edward B. Borden, M.D., P.C.*, 117 AD3d 936 [2014]; *Mancuso v Friscia*, 108 AD3d 748 [2013]; *Roca v Perel*, 51 AD3d 757, 758 [2008]; *Furey v Kraft*, 27 AD3d 416, 417 [2006]). "Accordingly, '[a] physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries' " (*DiGeronimo v Fuchs*, 101 AD3d 933,

936 [2012], quoting *Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]; *see Fink v DeAngelis*, 117 AD3d 894 [2014]; *Garrett v University Assoc. in Obstetrics & Gynecology, P.C.*, 95 AD3d 823, 825 [2012]; *Faicco v Golub*, 91 AD3d at 818; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). Once a defendant physician has established a prima facie case for summary judgment, the burden then shifts to the plaintiff to demonstrate the existence of a triable issue of fact (*see Savage v Quinn*, 91 AD3d 748, 750 [2012]). In determining whether a triable issue of fact exists, the evidence must be reviewed in the light most favorable to the party opposing the motion (*see Stukas v Streiter*, 83 AD3d 18 [2011]; *Martinez v Khaimov*, 74 AD3d 1031 [2010]; *Cerny v Williams*, 32 AD3d 881, 884 [2006]; *see also Menzel v Plotnick*, 202 AD2d 558 [1994]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Here, the defendants Nick G. Faraci, Linda DiToro, and Faraci, Faraci & DiToro, Physicians, P.C. (hereinafter collectively Faraci & DiToro) established their prima facie entitlement to judgment as a matter of law by submitting the parties' deposition testimony, the hospital records of the plaintiff, an infant, and the affirmation of a pediatric medical expert, who, after detailing the relevant medical facts with references to the records and deposition testimony, stated that Faraci & DiToro had not deviated from the relevant standard of care in their treatment of the plaintiff, and that their treatment was not a cause of the plaintiff's injuries.

In opposition, the plaintiff raised a triable issue of fact by submitting the affirmation of his pediatric medical expert, who opined that Faraci & DiToro deviated from the relevant standard of care by failing to timely assume responsibility, as attending physicians, for the care of the plaintiff after delivery, and the adequacy of that care, and that such deviation was a proximate cause of the plaintiff's injuries. Moreover, in opposition to Faraci & DiToro's motion, the defendant Staten Island University Hospital raised a triable issue of fact as to which physician had the responsibility of directing the care of the plaintiff in the hospital. Thus, the Supreme Court erred in awarding summary judgment to Faraci & DiToro.

The Supreme Court properly denied the cross motion of the defendant Michael A. Schirripa for summary judgment since he failed to establish "good cause" for his failure to cross-move within the 60-day time limit set by the Supreme Court for the making of motions or cross motions for summary judgment (CPLR 3212 [a]; *see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726 [2004]; *Brill v City of New York*, 2 NY3d 648,

652 [2004]; *Giuliano v 666 Old Country Rd., LLC*, 100 AD3d 960, 962 [2012]; *Powers v Sculco*, 89 AD3d 1075 [2011]), and this was not a situation where the issues raised by Schirripa's untimely cross motion were nearly identical to the codefendants' timely motion for summary judgment (*see Wernicki v Knipper*, 119 AD3d 775 [2014]; *Giambona v Hines*, 104 AD3d 807 [2013]). Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.