■ GARY REISS et al., Respondents, v NEIL J. SAYEGH et al., Appellants. [998 NYS2d 438]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered August 28, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Gary Reiss (hereinafter the patient) allegedly sustained injuries to his Achilles tendons as a result of being prescribed fluoroquinolone drugs by the defendants. The patient, and his wife suing derivatively, subsequently commenced this action to recover damages for medical malpractice. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*Faicco v Golub*, 91 AD3d 817, 818 [2012] [internal quotation marks omitted]; *see Roca v Perel*, 51 AD3d 757, 758 [2008]; *Furey v Kraft*, 27 AD3d 416, 417-418 [2006]). "A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no [deviation or] departure or that any alleged [deviation or] departure was not a proximate cause of the plaintiff's injuries" (*Garrett v University Assoc. in Obstetrics & Gynecology, P.C.*, 95 AD3d 823, 825 [2012]; *see Faicco v Golub*, 91 AD3d at 818; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). "Furthermore, bare allegations which do not refute the specific factual allegations of medical malpractice in the bill of particulars are insufficient to establish entitlement to judgment as a matter of law" (*Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874, 874 [2008]; *see Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]; *Terranova v Finklea*, 45 AD3d 572 [2007]; *Ward v Engel*, 33 AD3d 790, 791 [2006]).

The Supreme Court concluded that the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not deviate or depart from accepted medical practice, and that any deviation or departure was not the proximate cause of the patient's injuries in any event, but that the plaintiffs raised triable issues of fact in opposition. Although we agree with the Supreme Court that the motion should have been denied, we conclude that the defendants failed

to meet their prima facie burden of demonstrating that they did not deviate or depart from accepted medical practice or that such deviation or departure was not a proximate cause of the patient's injuries. Among other deficiencies, the affirmation of the defendants' expert relied upon a disputed fact (*see Plato v Guneratne*, 54 AD3d 741, 742 [2008]; *Muscatello v City of New York*, 215 AD2d 463, 464 [1995]), specifically, that the plaintiff had not made any previous complaints about joint or tendon problems arising from his use of fluoroquinolone drugs. Thus, the defendants' motion was properly denied, regardless of the sufficiency of the plaintiffs' submissions (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lormel v Macura*, 113 AD3d 734, 735-736 [2014]; *Faicco v Golub*, 91 AD3d at 818). Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.