# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**182**

**CA 15-00521**

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

BRENDA READING AND JAMES KRANZ,
PLAINTIFFS-RESPONDENTS,

V                                                      MEMORANDUM AND ORDER

ANDREW FABIANO, M.D., AND KALEIDA HEALTH,
DOING BUSINESS AS MILLARD FILLMORE GATES
HOSPITAL, DEFENDANTS-APPELLANTS.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

BROWN CHIARI LLP, LANCASTER (MICHAEL R. DRUMM OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered August 25, 2014. The order denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries allegedly sustained by Brenda Reading (plaintiff) when Andrew Fabiano, M.D. (defendant), a resident in neurosurgery at defendant Kaleida Health, doing business as Millard Fillmore Gates Hospital, applied a skin preparation solution to plaintiff during surgery to remove a pituitary tumor located near plaintiff's optic nerve. We reject defendants' contention that Supreme Court erred in denying their motion for summary judgment dismissing the complaint. Defendants failed to meet their initial burden of establishing the absence of any departure from good and accepted medical practice or that plaintiff was not injured by any such departure (*see Sawyer v Kaleida Health*, 112 AD3d 1341, 1341).

It is well established that a medical "resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene" (*Wulbrecht v Jehle*, 92 AD3d 1213, 1214 [internal quotation marks omitted]). Here, however, the affidavit of defendants' expert provided only conclusory assertions, i.e., assertions unsupported by any specific factual references, that defendant did not exercise any

independent judgment (*see Wulbrecht v Jehle*, 89 AD3d 1470, 1471).
Furthermore, defendants submitted the deposition testimony of
defendant, wherein he testified that he applied the solution based
solely on what he believed to be a safe distance from plaintiff's
eyes.  Thus, defendants' own submissions raise an issue of fact
whether defendant exercised independent judgment (*see Sawyer*, 112 AD3d
at 1341).  On the issue of proximate cause, defendants' expert
improperly relied upon a disputed fact—specifically, that plaintiff's
eye injuries were not caused by chemicals—in opining that defendants
did not cause plaintiff's injuries (*see Reiss v Sayegh*, 123 AD3d 787,
789).  In view of our determination, we do not consider the
sufficiency of plaintiffs' submissions in opposition to the motion
(*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court