■ LISA WHITNUM, Appellant, v PLASTIC AND RECONSTRUCTIVE SURGERY, P.C., et al., Respondents. [36 NYS3d 470]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 8, 2012, as denied that branch of her motion which was to compel certain discovery, (2) from an order of the same court (Connolly, J.) dated June 27, 2013, which granted the defendants' motion for summary judgment dismissing the amended complaint, and (3), as limited by her brief, from so much of an order of the same court (Connolly, J.) dated December 16, 2013, as denied her motion for leave to renew, and her separate motion for leave to reargue, her opposition to the defendants' motion for summary judgment dismissing the amended complaint.

Ordered that the order entered March 8, 2012, is affirmed insofar as appealed from, and it is further,

Ordered that the order dated June 27, 2013, is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the appeal from so much of the order dated December 16, 2013, as denied the plaintiff's motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 16, 2013, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to renew her opposition to that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent, and substituting therefor a provision denying that branch of the plaintiff's motion as academic; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff was diagnosed with cancer in her left breast which was surgically treated via a lumpectomy and lymph node resection performed by the nonparty physician Anthony Cahan. Subsequently, the plaintiff underwent breast reconstructive and augmentation surgery performed, in part, by the defendant, David Palaia, a plastic surgeon, at the defendant Plastic & Reconstructive Surgery, P.C. The plaintiff commenced this action alleging, inter alia, medical malpractice, lack of informed consent, breach of contract, fraud, assault and battery, negligence, intentional and negligent infliction of emotional distress, and to recover in quantum meruit. In particular, the plaintiff alleged that she told Palaia that she wanted gel "gummy bear" implants in a size B or small C cup, but, instead, received "liquid gel" silicone implants in a size D cup.

The defendants moved for summary judgment dismissing the amended complaint. In support of the motion, the defendants submitted an expert affidavit. The Supreme Court granted the motion. We modify.

Initially, contrary to the plaintiff's contention, the Supreme Court did not err in denying that branch of her motion which was to compel the defendants to produce copies of consent forms of other patients who had undergone mastectomy/reconstructive surgery. " 'It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy' " (*Wadolowski v Cohen*, 99 AD3d 793, 794 [2012], quoting *Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [1989]). Here, in light of the privileged

nature of the subject records and the bare allegations of relevancy, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion seeking other patients' consent forms, even with their names redacted (*see Quinones v 9 E. 69th St., LLC*, 132 AD3d 750, 751 [2015]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531, 531 [2007]).

Regarding the allegations of medical malpractice, "[t]he requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (*Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]; *see Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]). In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries (*see Lingfei Sun v City of New York*, 99 AD3d 673, 675 [2012]; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). Once such a showing has been made, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Fritz v Burman*, 107 AD3d 936, 940 [2013]). " 'Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause' " (*Novick v South Nassau Communities Hosp.*, 136 AD3d 999, 1000 [2016], quoting *Lyons v McCauley*, 252 AD2d 516, 517 [1998]).

Here, the defendants established, prima facie, through Palaia's deposition testimony, the plaintiff's medical records, and their expert affidavit, that their treatment of the plaintiff did not depart from good and accepted medical practice (*see Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d 959, 960 [2015]; *Monzon v Brown*, 130 AD3d 884, 885 [2015]; *Conto v Lynch*, 122 AD3d 1136, 1137 [2014]; *Montagnino v Inamed Corp.*, 120 AD3d 1317, 1318-1319 [2014]). In particular, the defendants' expert stated that Palaia's decision to determine the exact size of the implants at the time of the operation in order to achieve proper symmetry comported with accepted medical practice. In opposition, the plaintiff did not submit an expert affidavit. Instead, she only furnished her own affidavit and the affidavits of two friends who supported her allegations. These submissions were insufficient to raise a triable issue of fact regarding the defendants' alleged deviation from accepted medical practice.

"To establish a cause of action [to recover damages] for

malpractice based on lack of informed consent, plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (*Spano v Bertocci*, 299 AD2d 335, 337-338 [2002] [internal quotation marks omitted]; *see Khosrova v Westermann*, 109 AD3d 965 [2013]).

Here, the Supreme Court erred in determining that the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent (*see Chan v Toothsavers Dental Care, Inc.*, 125 AD3d 712, 714 [2015]; *Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d 669, 670-671 [2014]). Although the defendants demonstrated that they cannot be held liable for lack of informed consent based upon the size of the implants used, the defendants failed to establish that they cannot be held liable for lack of informed consent based on the type of implants used. The consent forms signed by the plaintiff stated that she would be receiving "gel" implants, but did not identify the particular brand or manufacturer of the implants. Although the defendants' expert averred that the operative report indicated that "Palaia explained the risks, benefits and alternatives to [the plaintiff] prior to the procedure," and noted that consent forms were signed, he failed to aver that "the consent form complied with the prevailing standard for such disclosures applicable to reasonable practitioners performing the same kind of surgery" (*Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d at 671; *see Muniz v Katlowitz*, 49 AD3d 511, 513 [2008]; *Haggerty v Wyeth Ayerst Pharms.*, 11 AD3d 511, 512-513 [2004]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment dismissing the cause of action alleging lack of informed consent should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Schussheim v Barazani*, 136 AD3d 787, 790 [2016]; *see also Snyder v Simon*, 49 AD3d 954, 956-957 [2008]).

In light of our conclusion that Supreme Court should have denied that branch of the defendants' motion which was for

summary judgment dismissing the cause of action alleging lack of informed consent, so much of the plaintiff's motion which was for leave to renew her opposition to that branch of the defendants' motion should have been denied as academic. The court providently exercised its discretion in denying the plaintiff's motion for leave to renew her opposition to the remaining branches of the defendants' motion. There was no reasonable justification for the plaintiff's failure to submit the purportedly new evidence in opposition to the defendants' motion (*see* CPLR 2221 [e]; *Phillips v City of New York*, 107 AD3d 774 [2013]).

The plaintiff's remaining contentions are without merit. Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.