Giancarlo v Kurek (2018 NY Slip Op 02930)





Giancarlo v Kurek


2018 NY Slip Op 02930


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


193 CA 17-01369

[*1]SAMUEL M. GIANCARLO, PLAINTIFF-RESPONDENT,
v
CARLOS J. KUREK, M.D., WENDY P. OUELLETTE, C.R.N.A., MAPLE-GATE ANESTHESIOLOGISTS, P.C., DEFENDANTS-APPELLANTS, AARON B. HOFFMAN, M.D., UNIVERSITY AT BUFFALO SURGEONS, INC., NATHAN JOHNSON, M.D., UNIVERSITY AT BUFFALO OTOLARYNGOLOGY, INC., AND KALEIDA HEALTH, DOING BUSINESS AS BUFFALO GENERAL HOSPITAL, DEFENDANTS-RESPONDENTS. 






RICOTTA & VISCO, BUFFALO (BRYAN J. DANIELS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BROWN CHIARI LLP, BUFFALO (MICHAEL R. DRUMM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered May 26, 2017. The order, inter alia, denied the motion of defendants Carlos J. Kurek, M.D., Wendy P. Ouellette, C.R.N.A. and Maple-Gate Anesthesiologists, P.C., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, Carlos J. Kurek, M.D., Wendy P. Ouellette, C.R.N.A., and Maple-Gate Anesthesiologists, P.C. (defendants) appeal from an order that, inter alia, denied their motion for summary judgment dismissing the complaint and cross claims against them. We affirm. Plaintiff commenced this action seeking damages for injuries that he allegedly sustained as a result of, among other things, defendants' negligent care and treatment, including, inter alia, ordering and/or administering Toradol to plaintiff after he underwent a laparoscopic sleeve gastrectomy. After that surgery, plaintiff developed complications, including internal bleeding and a perforation in his stomach lining near the surgical staple line, which led to two additional surgeries and an extended hospital stay.
We reject defendants' contention that Supreme Court erred in denying their motion. In support of their motion, defendants submitted, among other things, the deposition of plaintiff's surgeon, defendant Aaron B. Hoffman, M.D., who testified that Toradol was contraindicated in laparoscopic sleeve gastrectomies because it can lead to complications including bleeding and gastrointestinal perforation. Hoffman opined that the timing and location of plaintiff's complications supported the conclusion that Toradol contributed to plaintiff's bleeding and perforation. Thus, we conclude that defendants failed to meet their initial burden of establishing that the use of Toradol was within the applicable standard of care "or that any alleged departure [from the applicable standard of care] did not proximately cause the plaintiff's injuries" (Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1273 [4th Dept 2015]), inasmuch as their own submissions raise issues of fact whether they deviated from the applicable standard of care and whether that deviation was a proximate cause of plaintiff's injuries (see Reading v Fabiano, 137 AD3d 1686, 1687 [4th Dept 2016]; see generally Wilk v James, 107 AD3d 1480, 1484 [4th Dept 2013]). Defendants' submissions also raise issues of fact whether Toradol was not intended by the manufacturer for use in major abdominal surgeries (see generally Abrams v Bute, 138 AD3d [*2]179, 186 [2d Dept 2016], lv denied 28 NY3d 910 [2016]), and whether, prior to plaintiff's laparoscopic sleeve gastrectomy, defendants were aware of Hoffman's concerns about the use of Toradol during that procedure.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court