Karen D. v Hoon Choi (2020 NY Slip Op 00697)





Karen D. v Hoon Choi


2020 NY Slip Op 00697


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


19 CA 19-00872

[*1]KAREN D., AS GUARDIAN OF THE PERSON AND PROPERTY OF JOLIESE H., PLAINTIFF-APPELLANT,
v
HOON CHOI, M.D., DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 






POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 29, 2019. The order granted the motion of defendant Hoon Choi, M.D. for summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant Hoon Choi, M.D.
Memorandum: Plaintiff commenced this medical malpractice action seeking to recover damages for injuries sustained by her daughter (patient) as a result of defendants' alleged failure to address postsurgery complications in an appropriate and timely manner. We agree with plaintiff that Supreme Court erred in granting the motion of Hoon Choi, M.D. (defendant) for summary judgment dismissing the complaint against him. Defendant's own submissions, particularly his own deposition testimony and that of the attending neurosurgeon, raise an issue of fact whether defendant exercised independent medical judgment (see Burnett-Joseph v McGrath, 158 AD3d 526, 527 [1st Dept 2018]; Reading v Fabiano, 137 AD3d 1686, 1687 [4th Dept 2016]). Indeed, the attending neurosurgeon testified that, in developing a treatment plan for the patient, he relied upon defendant's interpretation of the first, postsurgical CT scan. Defendant testified that he formed his own interpretation of the CT scan in consultation with a team of physicians. There is no basis for the court's conclusion that defendant relied upon a report prepared by a radiologist, particularly inasmuch as defendant testified that he did
not believe that the report was available to him.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court