Amvrosiatos v Hanover Ins. Group (2025 NY Slip Op 06683)

Amvrosiatos v Hanover Ins. Group

2025 NY Slip Op 06683

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-11476
 (Index No. 720807/20)

[*1]Angelo Amvrosiatos, appellant, 
v
Hanover Insurance Group, respondent.

Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for appellant.
McCarthy & Associates, Melville, NY (Patrick J. Morale of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered October 12, 2023. The order granted the defendant's motion pursuant to CPLR 3103 for a protective order.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 3103 for a protective order is denied.
The plaintiff allegedly sustained injuries when, as a pedestrian, he was struck by a vehicle. At the time of the accident, the plaintiff had automobile insurance pursuant to a policy issued by the defendant, which included a supplementary uninsured/underinsured motorist (hereinafter SUM) endorsement. After settling with the tortfeasor driver for the full limit of the driver's insurance policy with the defendant's consent, the plaintiff submitted a claim for SUM benefits to the defendant. The defendant denied the claim. The plaintiff commenced this action, inter alia, to recover damages for breach of contract. Following the plaintiff's deposition, the defendant moved pursuant to CPLR 3103 for a protective order directing that a representative of the defendant is not obligated to appear for a deposition. The plaintiff opposed. In an order entered October 12, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (id. § 3101[a]; see Espinoza v Tejeda, 228 AD3d 623, 624). "The words, 'material and necessary', are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy" (Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 496 [internal quotation marks omitted]).
"An insurance carrier has a duty to 'investigate in good faith and pay covered claims'" [*2](Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976, quoting Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 195). "The implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct" (id.).
Here, the plaintiff contends that the deposition of the claims adjuster who investigated the plaintiff's claims would reveal evidence regarding the nature, extent, timing, and adequacy of the defendant's investigation. Thus, the plaintiff sufficiently asserted that deposing the claims adjuster may result in the disclosure of relevant evidence and is reasonably calculated to lead to the discovery of information bearing on the plaintiff's claims (see Smith-Percival v MTA Bus Co., 232 AD3d 928, 929-930).
Further, the plaintiff's request for a deposition was not "palpably improper" because the plaintiff narrowly tailored his deposition request to a specific employee regarding a specific investigation, concerning specific claims against the defendant (Ural v Encompass Ins. Co. of Am., 158 AD3d 845, 847). Accordingly, the defendant's motion pursuant to CPLR 3103 for a protective order should have been denied.
The plaintiff's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court