■ SHAMONA CARLTON, as Administratrix of the Estate of DARREL CARLTON, Deceased, Appellant, v ST. BARNABAS HOSPITAL, Respondent/Third-Party Plaintiff-Respondent, et al., Defendants. MALSUK PARK, M.D., et al., Third-Party Defendants-Respondents. [937 NYS2d 57]—

Third-party defendants made a prima facie showing—based on hospital records, deposition testimony and the affirmations of experts—that their treatment of plaintiff's late husband comported with good and accepted medical practice. Contrary to plaintiff's contention, the emergency medical physician's opinions were not conclusory (*cf. Wasserman v Carella*, 307 AD2d 225, 226 [2003]). In addition, plaintiff failed to preserve her argument that third-party defendants and their experts relied on inadmissible evidence (*see Pirraglia v CCC Realty NY Corp.*, 35 AD3d 234, 235 [2006]), and we decline to review in

the interest of justice. Were we to review it, we would reject it. Plaintiff does not challenge the accuracy or veracity of the decedent's uncertified medical records or the transcripts of her testimony. In fact, she relied on the medical records in opposition to the motions.

Plaintiff failed to raise an issue of fact in response to the motions. The affirmation of plaintiff's expert was conclusory, ignored the bulk of the record of the decedent's treatment in the emergency room, and was insufficient to contradict third-party defendants' expert. The defense offered expert testimony that, in light of decedent's symptoms and complaints, he was appropriately diagnosed with lumbosacral sprain/strain and possible radiculopathy, and referred to a neurologist (*see Altmann v Molead*, 51 AD3d 482, 483 [2008]). Plaintiff's claim that third-party defendants should have detected decedent's deep vein thrombosis was also conclusory and unsupported by the record (*see id.*; *Wong v Goldbaum*, 23 AD3d 277, 279-280 [2005]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Catterson, Acosta and Román, JJ.