■ IRENE LIEBER, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [941 NYS2d 249]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated June 1, 2011, which granted the motion of the defendants City of New York and New York City Fire Department for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against, among others, the City of New York and the New York City Fire Department (hereinafter together the defendants). The plaintiff alleged that the paramedics who responded to her 911 call seeking medical assistance for her husband (hereinafter the decedent) were negligent in their care and treatment of the decedent, resulting in his death.

The defendants established their prima facie entitlement to

judgment as a matter of law through, inter alia, the submission of the affidavit of one of the paramedics who responded to the 911 call, the ambulance call report, and the defendants' expert affirmation. The defendants' expert opined, with a reasonable degree of medical certainty, that the paramedics did not depart from good and accepted standards of emergency medical care during the treatment rendered to the decedent and that, in any event, the treatment did not proximately cause the decedent's death (*see Forrest v Tierney*, 91 AD3d 707 [2012]; *Graziano v Cooling*, 79 AD3d 803, 804 [2010]).

In opposition, the plaintiff submitted an affirmation from a physician who was not authorized by law to practice in this State, and, thus, the affirmation did not constitute competent evidence (*see* CPLR 2106; *Worthy v Good Samaritan Hosp. Med. Ctr.*, 50 AD3d 1023, 1024 [2008]; *Palo v Latt*, 270 AD2d 323 [2000]). Moreover, the remaining evidence submitted by the plaintiff in opposition to the defendants' motion was insufficient to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.