■ HENRY A. WARD, Respondent, v LINCOLN ELECTRIC COMPANY, Appellant. [983 NYS2d 718]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered September 11, 2013, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In this action for injuries related to the latent effect of exposure to a toxic substance, the statute of limitations began to run when plaintiff discovered the primary condition on which his claim is based, and not when he discovered the causation connection to the toxic substance (*Matter of New York County DES Litig.*, 89 NY2d 506 [1997]).

Plaintiff's uncertified medical records may be considered since plaintiff does not dispute their accuracy or veracity (*Carlton v St. Barnabas Hosp.*, 91 AD3d 561 [1st Dept 2012]; CPLR 4518 [c]). He only disputes the inferences to be drawn from the records as to the date on which his condition was sufficiently apparent to start the limitations period running (*see* CPLR 214-c [2]).

In any event, plaintiff's own deposition testimony establishes that he had persistent, severe, progressively worsening symptoms that limited his physical activity, for which he sought regular, ongoing medical treatment, as far back as at least 2007, and that, by 2008, necessitated an invasive procedure that confirmed a diagnosis of pulmonary fibrosis. These dates are corroborated by his workers' compensation claim. Contrary to plaintiff's contention, his symptoms were not "too isolated or inconsequential" to start the limitations period running before January 30, 2009 (*see Cabrera v Picker Intl.*, 2 AD3d 308, 309 [1st Dept 2003] [internal quotation marks omitted]). They became apparent by, at the latest, the latter half of 2008, more than three years before this action was commenced, on January 30, 2012 (*see Matter of New York County DES Litig.*, 89 NY2d at 514). Concur—Friedman, J.P., Sweeny, Andrias, Gische and Clark, JJ.