■ JAMES D. KELLY et al., Appellants, v KIMBERLY FENTON, M.D., et al., Defendants, and FRANK DARRAS, M.D., Respondent. [984 NYS2d 131]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of

an order of the Supreme Court, Suffolk County (Asher, J.), dated March 30, 2012, as granted the motion of the defendant Frank Darras for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Frank Darras for summary judgment dismissing the complaint insofar as asserted against him is denied.

On March 30, 2007, Alex Koehne died at Stony Brook Hospital. Although bacterial cultures of Koehne's cerebral spinal fluid were found to be negative, the doctors at Stony Brook Hospital diagnosed his cause of death as bacterial meningitis. Koehne's parents requested that their son's organs be donated, and one of his kidneys was transplanted into the plaintiff James D. Kelly by Dr. Frank Darras.

A month after his death, an autopsy revealed that Koehne had actually died as a result of T-cell lymphoma. Following this revelation, Kelly had the kidney removed and underwent chemotherapy. Kelly, and his wife suing derivatively, commenced this action to recover damages for medical malpractice.

The Supreme Court should have denied Darras's motion for summary judgment dismissing the complaint insofar as asserted against him. Darras submitted the affirmation of a physician who opined that Darras did not depart from accepted standards of medical care by relying on the diagnosis of the doctors at Stony Brook Hospital that Koehne died from bacterial meningitis and accepting his kidney for transplant. However, the affirmation did not constitute competent evidence because the attesting physician was not authorized by law to practice in this State (*see* CPLR 2106; *Lieber v City of New York*, 94 AD3d 715, 716 [2012]; *Worthy v Good Samaritan Hosp. Med. Ctr.*, 50 AD3d 1023, 1024 [2008]). Further, Darras failed to establish, prima facie, that the alleged departure was not a proximate cause of Kelly's injuries (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315 [1980]; *Fahey v A.O. Smith Corp.*, 77 AD3d 612, 616 [2010]). Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30878(U).]**