■ Alaina Tomeo, Respondent, v David Beccia, M.D., et al., Defendants, and Jason L. Schneider, M.D., et al., Appellants.
[7 NYS3d 472]—

In an action to recover damages for medical malpractice, the defendants Jason L. Schneider and Island Surgical and Vascular Group, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated January 29, 2013, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Good Samaritan Hospital separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from by the defendants Jason L. Schneider and Island Surgical and Vascular Group, P.C.; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Good Samaritan Hospital, and the motion of that defendant for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Good Samaritan Hospital, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendants Jason L. Schneider and Island Surgical and Vascular Group. P.C.

The Supreme Court properly denied the motion of the defendants Jason L. Schneider and Island Surgical and Vascular Group, P.C. (hereinafter Island), for summary judgment dismissing the complaint insofar as asserted against them. Schneider and Island failed to make a prima facie showing that they did not depart from good and accepted medical practice or, if there was a departure, that the plaintiff was not injured thereby (see Ahmed v Pannone, 116 AD3d 802 [2014]; Poter v Adams, 104 AD3d 925 [2013]; Bendel v Rajpal, 101 AD3d 662 [2012]). The affidavit of their expert, Dr. Robert Ward, was conclusory. Ward failed to set forth the applicable standard of care. He merely recounted the treatment rendered, and opined, in a conclusory manner, that such treatment did not represent a departure from good and accepted medical practice (see Barlev v Bethpage Physical Therapy Assoc., P.C., 122 AD3d 784 [2014]; Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669 [2014]; Ocasio-Gary v Lawrence Hosp., 69 AD3d 403 [2010]; Johnson v Queens-Long Is. Med. Group, P.C., 23 AD3d 525 [2005]; Williams v Howe, 297 AD2d 671 [2002]). Ward's affidavit was insufficient to refute the allegations set forth in the plaintiff's bill of particulars (see Bendel v Rajpal, 101 AD3d at 663; Faicco v Golub, 91 AD3d 817 [2012]). Furthermore, Ward's opinion as to causation was also merely stated in conclusory terms (see LeMaire v Kuncham, 102 AD3d 659 [2013]). In light of this determination, it is unnecessary to review the sufficiency of the plaintiff's opposition to the motion of Schneider and Island for summary judgment (see Barlev v Bethpage Physical Therapy Assoc., P.C., 122 AD3d at 784; Faicco v Golub, 91 AD3d at 818).

The Supreme Court, however, erred in denying the separate motion of the defendant Good Samaritan Hospital (hereinafter Good Samaritan) for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff's contention that certain medical records submitted by Good Samaritan were uncertified and, therefore, inadmissible, is not properly before this Court, as she failed to raise it before the Supreme

Court in opposition to the motion. The plaintiff does not challenge the accuracy or veracity of the uncertified records and, in fact, she and her expert relied upon those records in opposition to the defendants' motions (*see Carlton v St. Barnabas Hosp.*, 91 AD3d 561 [2012]; *see also Ward v Lincoln Elec. Co.*, 116 AD3d 558 [2014]). Furthermore, although the transcript of Schneider's deposition provided by Good Samaritan was double-sided and, therefore, not in compliance with 22 NYCRR 202.5, such a mistake, omission, defect, or irregularity should have been disregarded, because a substantial right of a party was not prejudiced (*see* CPLR 2001). Under the circumstances presented here, the court erred in finding that Schneider's deposition transcript was not in admissible form.

Good Samaritan established its prima facie entitlement to judgment as a matter of law through the deposition testimony of the several parties, the medical records, and the expert affirmation of Dr. Irwin Ingwer (*see Farrell v Herzog*, 123 AD3d 655 [2014]; *France v Packy*, 121 AD3d 836 [2014]). Ingwer's affirmation was based on evidence in the record, and was not conclusory or unsubstantiated (*see Mills v Department of Educ. of City of N.Y.*, 109 AD3d 643 [2013]; *Shields v Baktidy*, 11 AD3d 671 [2004]).

"In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee, and may not be held concurrently liable unless its employees committed independent acts of negligence" (*Barrocales v New York Methodist Hosp.*, 122 AD3d 648, 650 [2014] [internal quotation marks omitted]). "However, a hospital can be held concurrently liable with a private attending physician if its employees commit independent acts of negligence or the attending physician's orders are contraindicated by normal practice" (*Zhuzhingo v Milligan*, 121 AD3d 1103, 1106 [2014]). Here, the evidence submitted by Good Samaritan established, prima facie, that there were no independent acts of medical judgment on the part of Good Samaritan or its employees apart from following the orders of Schneider, who was the plaintiff's private attending physician. Nor were Schneider's orders contraindicated by normal practice, such that ordinary prudence required inquiry into the correctness of those orders.

The plaintiff failed to raise a triable issue of fact in opposition to Good Samaritan's prima facie showing. The affirmation of the plaintiff's expert, Dr. Richard Quintiliani, did not constitute competent evidence, because Quintiliani was not authorized by law to practice medicine in New York State (*see* CPLR 2106; *Kelly v Fenton*, 116 AD3d 923 [2014]; *Lieber v City of*

*New York*, 94 AD3d 715 [2012]; *Palo v Latt*, 270 AD2d 323 [2000]). Furthermore, even if Quintiliani's affirmation could be considered, he failed to identify any specific departures allegedly committed by Good Samaritan. He only stated generally that Good Samaritan, along with Schneider and Island, deviated from good and accepted medical practice, and caused injury to the plaintiff. Therefore, the plaintiff failed to raise a triable issue as to whether Good Samaritan may be held vicariously liable for any malpractice by Schneider, or concurrently liable for any independent acts of negligence (*see Barrocales v New York Methodist Hosp.*, 122 AD3d 648 [2014]; *Muslim v Horizon Med. Group, P.C.*, 118 AD3d 681 [2014]; *Lormel v Macura*, 113 AD3d 734 [2014]; *Sela v Katz*, 78 AD3d 681 [2010]).

Furthermore, Good Samaritan established that the plaintiff has no claim against it based on lack of informed consent. Where a private physician attends his or her patient at a hospital, it is the physician's duty to obtain the patient's informed consent. A hospital may only be liable where it knew or should have known that the physician was acting or would act without the patient's informed consent (*see Salandy v Bryk*, 55 AD3d 147, 152 [2008]). There was no reason for Good Samaritan to know or suspect that Schneider was acting or would act without the plaintiff's informed consent.

Accordingly, the Supreme Court should have granted Good Samaritan's separate motion for summary judgment dismissing the complaint insofar as asserted against it. Chambers, J.P., Hall, Cohen and Miller, JJ., concur.