■ In the Matter of JERALD MILLER, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [10 NYS3d 457]—In a proceeding, inter alia, pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated March 19, 2012, dismissing the petitioner's administrative complaint, the petitioner appeals, by permission, from an order of the Supreme Court, Kings County (Lewis, J.), dated April 17, 2013, which denied his motion, denominated as one pursuant to CPLR 3211, among other things, to dismiss the answer of the respondent New York State Division of Human Rights.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention, CPLR 3211 cannot be employed to request the "dismissal" of an answer that the petitioner contends was not timely served (*cf.* CPLR 3211 [b], authorizing a motion to dismiss a defense on the ground that it

is not stated or has no merit). Even if the Supreme Court, in effect, deemed that branch of the petitioner's motion to be one for leave to enter a default judgment pursuant to CPLR 7804, the denial of that branch of the motion was a provident exercise of the court's discretion (*see Matter of Marseilles Leasing Co. v New York State Div. of Hous. & Community Renewal*, 140 AD2d 345, 346 [1988]).

Similarly, the petitioner cannot employ CPLR 3211 to seek the "dismissal" of a motion (*see Matter of Hansen v Town of Red Hook*, 28 Misc 3d 1236[A], 2010 NY Slip Op 51614[U], *6 [Sup Ct, Dutchess County 2010]) which, in this case, he contends was made on short notice in violation of CPLR 2214 (b). In any event, the petitioner was not prejudiced by any such short notice (*see Piquette v City of New York*, 4 AD3d 402, 403 [2004]), as the record reveals that he had more than nine months to prepare and submit his opposition papers. Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.