Bacalan v St. Vincents Catholic Med. Ctrs. of N.Y. (2020 NY Slip Op 00561)





Bacalan v St. Vincents Catholic Med. Ctrs. of N.Y.


2020 NY Slip Op 00561


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-02796 
2017-04459
 (Index No. 27175/03)

[*1]Edgardo Bacalan, et al., respondents, 
v
St. Vincents Catholic Medical Centers of New York, appellant.


Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for appellant.
Kiley, Kiley & Kiley, PLLC, Great Neck, NY (James D. Kiley of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant, St. Vincents Catholic Medical Centers of New York, appeals from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated October 5, 2016, and (2) an order of the same court dated April 4, 2017. The order dated October 5, 2016, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. The order dated April 4, 2017, insofar as appealed from, upon reargument, adhered to that determination.
ORDERED that the order dated October 5, 2016, is reversed insofar as appealed from, on the law, the motion of the defendant, St. Vincents Catholic Medical Centers of New York, for summary judgment dismissing the complaint insofar as asserted against it is granted, and the order dated April 4, 2017, is vacated; and it is further,
ORDERED that the appeal from the order dated April 4, 2017, is dismissed as academic in light of our determination on the appeal from the order dated October 5, 2016; and it is further,
ORDERED that one bill of costs is awarded to the defendant St. Vincents Catholic Medical Centers of New York.
On July 10, 2002, the plaintiff Edgardo Bacalan (hereinafter the plaintiff), who suffered a spinal dural arterial venus fistula (hereinafter SDAVF), was admitted to the defendant St. Vincents Catholic Medical Centers of New York (hereinafter the hospital) and underwent an angiography performed by the defendant Bruce Zablow, upon the recommendation of the defendant Raj Murali. According to the complaint, both Zablow and Murali were employed by the hospital. The purpose of the angiogram was to rule out or identify the SDAVF. After the performance of the angiogram on July 10, 2002, the plaintiff allegedly experienced increasing weakness in his left leg. On July 12, 2002, Zablow performed a spinal embolization procedure to repair the SDAVF.
In the complaint, the plaintiffs allege that Murali's negligence or medical malpractice included, inter alia, recommending the angiogram be performed in the manner that it was performed on July 10, 2002, and that Zablow was negligent in the performance of the angiogram. The complaint contains broad allegations of medical malpractice against the hospital, including negligent hiring of incompetent medical doctors, using "improper methods and techniques in treating said plaintiff," failing to "discover the surgical error that was made and correcting the error," and "failing to perform the proper post-operative care that was required to follow-up on the plaintiff's continuing medical complaints and symptoms."
In the verified bill of particulars, the plaintiffs allege that the "negligent acts and omissions of the . . . hospital occurred on or about July 10, 2002," and that the plaintiff's injuries were "sustained on or about July 10, 2002." The plaintiffs specifically allege, among other things, that the hospital departed from the appropriate standard of care by, inter alia, failing to diagnose ischemia, i.e., neurological impairment to the spinal cord on July 10, 2002; failing to perform a magnetic resonance angiogram as an alternative to the spinal angiography; and in failing to direct that the repair of the SDAVF by embolization should occur at the time of the angiography. The plaintiffs allege that these negligent acts were performed by the hospital's "agents, servants and/or employees" including, but not limited to, Murali and Zablow.
The verified bill of particulars also contains broad allegations of negligence, including that the hospital failed to properly "treat and attend to the plaintiff when he was admitted"; failed to properly supervise medical staff; used improper "methods and techniques" in treating the plaintiff; hired incompetent medical doctors; failed to discover and correct surgical error; and failed "to perform the proper postoperative care that was required to [address] the plaintiff's continuing medical complaints and symptoms." The plaintiffs further allege in the verified bill of particulars that, as a result of the hospital's negligence and medical malpractice on or about July 10, 2002, the plaintiff's SDAVF was "compromised, cutting off blood supply into the cord and causing spinal cord eschemia [sic], which led to infarction of spinal cord tissue." As a result, the plaintiff allegedly sustained various neurological damage, which affected function in his legs, rectum, anal sphincter, and urinary tract.
During disclosure, the plaintiffs discontinued the action against Murali and Zablow. Thereafter, the hospital moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-moved for summary judgment on the complaint insofar as asserted against the hospital. By order dated October 5, 2016, the Supreme Court denied the hospital's motion and the plaintiffs' cross motion, and granted the plaintiffs' request, contained in reply papers, to preclude the hospital from introducing certain medication administration records into evidence at trial.
Thereafter, the hospital moved pursuant to CPLR 2221 for leave to reargue its motion for summary judgment, and the plaintiffs' request to preclude the hospital from introducing into evidence certain medication administration records. By order dated April 4, 2017, the Supreme Court, inter alia, granted the hospital's motion for leave to reargue, and, upon reargument, adhered to its prior determination denying the hospital's motion for summary judgment dismissing the complaint insofar as asserted against it, and vacated its prior determination granting the plaintiffs' request to preclude the hospital from introducing into evidence certain medication administration records, and thereupon denied the plaintiffs' request. The hospital appeals from so much of the order dated October 5, 2016, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and from so much of the order dated April 4, 2017, as, upon reargument, adhered to that determination.
In a medical malpractice action, a defendant moving for summary judgment has " the burden of establishing the absence of any departure from good and accepted medical practice, or that the plaintiff was not injured thereby'" (Belak-Redl v Bollengier, 74 AD3d 1110, 1111, quoting Shahid v New York City Health & Hosps. Corp., 47 AD3d 800, 801; see Fotiou v Goodman, 74 AD3d 1140, 1141). In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars (see Wall v Flushing Hosp. [*2]Med. Ctr., 78 AD3d 1043, 1045; Grant v Hudson Val. Hosp. Ctr., 55 AD3d 874, 874; Terranova v Finklea, 45 AD3d 572, 572).
In support of its motion, the hospital submitted an expert affirmation from a board-certified neurosurgeon, along with the medical records that he reviewed. The expert opined, inter alia, that the July 10, 2002, angiogram was performed properly in all respects; that it was within the standard of care that the angiogram be performed when it was, on July 10, 2002, and that the embolization procedure be performed two days later on July 12, 2002; that the determination to defer treatment of the SDAVF until after the angiogram was performed was proper and within the standard of care; that a magnetic residence angiogram was not an alternative to the angiogram that was performed on July 10, 2002; that the hospital did not fail to diagnose spinal cord ischemia on July 10, 2002, as an angiogram is not intended to diagnose spinal cord ischemia, and that, in any event, the plaintiff's spinal cord ischemia had already been diagnosed on June 1, 2002; and that the angiogram did not cause additional dysfunction in the plaintiff's spinal cord. In sum, the expert opined that the plaintiff's treatment at the hospital was at all times, "but particularly on July 10, 2002 . . . within the standard of care in all respects and did not result in any of [the plaintiff's] alleged injuries." The expert thereby addressed the specific allegations of medical malpractice set forth in the plaintiffs' verified bill of particulars.
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs conceded that neither Murali nor Zablow deviated from the standard of care in any respect. Rather, the plaintiffs improperly alleged, for the first time, a new theory claiming that other employees of the hospital were negligent in failing to properly administer Decadron and Heparin in accordance with the prescription of the plaintiff's attending physician. " A plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars'" (Anonymous v Gleason, 175 AD3d 614, 617, quoting Palka v Village of Ossining, 120 AD3d 641, 643; see Biondi v Behrman, 149 AD3d 562, 563-564; Langan v St. Vincent's Hosp. of New York, 64 AD3d 632, 633; Abalola v Flower Hosp., 44 AD3d 522, 522).
Contrary to the Supreme Court's determination, the plaintiffs' broad allegations in the verified bill of particulars, including that the hospital failed "to perform the proper postoperative care that was required to address the plaintiff's continuing medical complaints and symptoms," was not sufficient to place the hospital on notice of the specific theory that hospital employees failed to properly administer Decadron and Heparin in accordance with the attending physician's prescriptions.
Moreover, contrary to the Supreme Court's determination, the affirmation of the plaintiffs' expert, Gregg H. Zoarski, did not constitute competent evidence, because Zoarski was not authorized by law to practice medicine in New York (see CPLR 2106; Tomeo v Beccia, 127 AD3d 1071, 1073; Kelly v Fenton, 116 AD3d 923).
Accordingly, the Supreme Court should have granted the hospital's motion for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., RIVERA, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court