Viera v Khasdan (2020 NY Slip Op 03717)





Viera v Khasdan


2020 NY Slip Op 03717


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11353A 11353 11352

[*1] Alejandra Viera, Plaintiff-Respondent,
v
Yuriy Khasdan, D.D.S., et al., Defendants-Appellants, Bulent Atac, M.D., et al., Defendants.


Chesney, Nicholas & Brower, LLP, Syosset (Debra M. Silverman of counsel), for Yuriy Khasdan, D.D.S, appellant.
Rawle & Henderson, LLP, New York (Justine K. Woods of counsel), for Hutchinson Metro Dental, P.C., appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City (Megan A. Lawless of counsel), for Janet Bodey, D.D.S., and Manhattan Oral Facial Surgery, LLC, appellants.
Ressler & Ressler, New York (Bruce J. Ressler of counsel), for respondent.



Orders, Supreme Court, Bronx County (Joseph E. Capella, J.), entered February 12, 2019, which denied defendants Yuriy Khasdan, D.D.S.'s and Hutchinson Metro Dental, P.C.'s (Hutchinson) motions for summary judgment dismissing the dental malpractice and informed consent claims as against them, unanimously modified, on the law, to grant the motions as to the dental malpractice claims, and otherwise affirmed, without costs. Order, same court and Justice, entered February 12, 2019, which denied defendants Janet Bodey, D.D.S. and Manhattan Oral Facial Surgery, LLC's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The court erred in denying defendants' motions for summary judgment on the ground that they relied on uncertified dental records. Dental records created in the regular course of business are admissible as business records to the extent they are germane to the diagnosis and treatment of the patient (see CPLR 4518; see generally Williams v Alexander, 309 NY 283, 287 [1955]). Plaintiff did not challenge the accuracy or veracity of the uncertified dental records; to the contrary, she relied on them in opposing defendants' motions. Moreover, plaintiff appended certified dental records from Hutchinson to her opposition papers (see Carlton v St. Barnabas Hosp., 91 AD3d 561, 562 [1st Dept 2012]).
Defendants failed to meet their prima facie burden by providing any documentary evidence demonstrating that they informed plaintiff of the foreseeable risks associated with Clindamycin use (see Public Health Law § 2805-d[1]; Lynn G. v Hugo, 96 NY2d 306, 309 [2001]). The testimony by defendants Dr. Khasdan and Dr. Janey Bodey, indicating that it is their custom and practice to advise patients to contact their primary doctor should they experience any negative symptoms or discomforts due to any antibiotic prescribed is insufficient to establish plaintiff's informed consent to the prescription of Clindamycin. Furthermore, one of Dr. Khasdan's expert affidavits states that Clostridium Difficile C. Diff) is a well-known adverse reaction to the prescribed antibiotic albeit rare. Yet, defendants did not establish that they advised plaintiff of this risk.
Defendants Dr. Bodey and Manhattan Facial Oral Surgery, LLC failed to establish prima facie that they did not commit dental malpractice (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In support of their motion, Dr. Bodey relied on her own affidavit, in which she made broad statements that she did not deviate from accepted standards of dental practice. Although Dr. Bodey opined that the post-operative prescription of Clindamycin was "appropriate," she did not set forth the accepted standards of dentistry that support her opinion (see Pino v Behrman, 168 AD3d 467 [1st Dept 2019]).
Dr. Bodey also failed to establish that the Clindamycin was not a proximate cause of plaintiff's alleged injuries, i.e., a bacterial infection and serious bowel injuries (see Winegrad, 64 NY2d at 853). Although she argues on appeal that plaintiff failed to show that taking Clindamycin resulted in those injuries, Dr. Bodey relied on evidence that the bacterial infection that plaintiff developed is a well-known adverse reaction to antibiotics, and submitted no evidence that the antibiotics were not a substantial factor in causing the injuries.
Dr. Khasdan established prima facie that he did not commit dental malpractice by submitting an expert affirmation that he acted in accordance with good and accepted dentistry in diagnosing plaintiff's tooth infection, referring her to an oral surgeon because the offending tooth had already undergone a root canal, and then prescribing Clindamycin to treat the infection (see e.g. Fleming v Pedinol Pharmacal, Inc., 70 AD3d 422 [1st Dept 2010]). In opposition, plaintiff failed to raise an issue of fact. Her expert's opinion that Dr. Khasdan deviated from accepted practice by not extracting the tooth and then only prescribing antibiotics if the infection did not subsequently resolve lacks evidentiary support (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). The expert failed to address Dr. Khasdan's testimony that referral to an oral surgeon was necessary in this case. In the absence of tortious conduct by Dr. Khasdan, Hutchinson, Dr. Khasdan's employer, is entitled to summary judgment dismissing the dental malpractice claim against it, since the claim is premised solely on vicarious liability (see Kukic v Grand, 84 AD3d 609, 610 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK