Petrolito-McCort v Latefi (2025 NY Slip Op 02230)

Petrolito-McCort v Latefi

2025 NY Slip Op 02230

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2020-09041
 (Index No. 603150/17)

[*1]Vickie Petrolito-McCort, et al., respondents,
v
Ahmad Latefi, etc., et al., appellants.

Heidell, Pittoni, Murphy & Bach, LLP, Garden City, NY (Daniel S. Ratner, Daniel Lei, and Greg Freedman of counsel), for appellants.
Levine & Grossman, Mineola, NY (Scott D. Rubin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), dated October 28, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint and granted the plaintiffs' cross-motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
In April 2015, the plaintiff Vickie Petrolito-McCort (hereinafter the injured plaintiff) underwent an anterior cervical discectomy and fusion (hereinafter ACDF) of her C3-C4 vertebrae. The surgery was performed by the defendant Ahmad Latefi, who utilized an ROI-C cervical cage as an alternative to traditional plates and screws.
In February 2016, the injured plaintiff began seeing Frank Schwab with complaints of recurrent neck and arm pain. According to Schwab, the injured plaintiff's C3-C4 vertebrae did not completely fuse, and she would need revision surgery to fuse the C3-C4 segment. On April 5, 2016, Schwab performed a revision fusion surgery on the C3-C4 vertebrae using plates and screws.
In April 2017, the injured plaintiff, and her husband suing derivatively, commenced this action against Latefi and the defendant Northwell Health Physician Partners, among other things, to recover damages for medical malpractice. In October 2019, the defendants moved for summary judgment dismissing the complaint. In support of their motion, the defendants submitted, inter alia, two expert affirmations and an expert affidavit, as well as transcripts of the deposition testimony of the injured plaintiff, Latefi, and Schwab.
In March 2020, the plaintiffs opposed the defendants' motion for summary judgment dismissing the complaint and cross-moved for leave to amend the complaint to add a cause of action to recover damages for lack of informed consent. In their opposition, the plaintiffs submitted an expert affirmation of Schwab.
In an order dated October 28, 2020, the Supreme Court denied the defendants' motion for summary judgment dismissing the complaint and granted the plaintiffs' cross-motion for leave [*2]to amend the complaint. The defendants appeal.
The essential elements of a cause of action alleging medical malpractice are "that the defendant physician deviated or departed from accepted community standards of practice and that such deviation or departure was a proximate cause of the plaintiff's injuries" (Armond v Strangio, 227 AD3d 758, 759). When moving for summary judgment dismissing a cause of action alleging medical malpractice, "'a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff'" (Kelly v Ahn, 224 AD3d 673, 674, quoting Attia v Klebanov, 192 AD3d 650, 651; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Once the defendant makes such a showing, "'the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof'" (Feng Xie v New York City Health & Hosps. Corp., 226 AD3d 751, 752, quoting Revellino v Haimovic, 216 AD3d 687, 688; see Alvarez v Prospect Hosp., 68 NY2d at 324). "On a motion for summary judgment, the party opposing the motion is entitled to every favorable inference that may be drawn from the pleadings and affidavits submitted by the parties" (Wiater v Lewis, 197 AD3d 782, 783).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint through the expert affirmations of a neurosurgeon and of a radiologist and the expert affidavit of an engineer, all of whom concluded that the defendants did not depart from the accepted standard of care in their treatment of the injured plaintiff. In addition, the experts demonstrated, based on experience and knowledge, that they were qualified to render an opinion regarding the ACDF procedure and the use of an ROI-C cervical cage (see Rosenzweig v Hadpawat, 229 AD3d 650, 653).
However, contrary to the defendants' contentions, in opposition, the plaintiffs raised triable issues of fact through their submission of the expert affirmation of Schwab. Among other things, Schwab opined that the defendants departed from the accepted standard of care by, inter alia, using an ROI-C cervical cage without additional fixation hardware (see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655). Because "[s]ummary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions," the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint (Sunshine v Berger, 214 AD3d 1020, 1022 [internal quotation marks omitted]).
In addition, the Supreme Court providently exercised its discretion in granting the plaintiffs' cross-motion for leave to amend the complaint to add a cause of action to recover damages for lack of informed consent. Pursuant to CPLR 3025, "leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party" (Buccigrossi v Glatman, 214 AD3d 696, 696; see CPLR 3025[b]; Rosenzweig v Hadpawat, 229 AD3d at 653). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (Ofman v Bluestone, 227 AD3d 822, 824). Here, the plaintiffs established that the amendment would not result in prejudice or surprise, particularly because the plaintiffs raised the alleged lack of informed consent in the initial complaint and the bill of particulars, and the issue had already been addressed in discovery (cf. Bacalan v St. Vincents Catholic Med. Ctrs. of N.Y., 179 AD3d 989, 992-993).
The defendants' remaining contentions are without merit.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court