Roslund v Fulton Operations Assoc., LLC (2025 NY Slip Op 50761(U))

[*1]

Roslund v Fulton Operations Assoc., LLC

2025 NY Slip Op 50761(U)

Decided on May 12, 2025

Supreme Court, Schenectady County

Buchanan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 12, 2025
Supreme Court, Schenectady County

Patricial L. Roslund, individually and as the Executrix of the 
 ESTATE OF ROBERT I. ROSLUND, Plaintiffs,

against
Fulton Operations Associates, LLC d/b/a FULTON CENTER FOR REHABILITATION AND HEALTHCARE, Defendant.

Index No. 2023-1022

For Plaintiff: Graham A. Thompson, Esq.
For Defendant: Patrick A. Dolan, Esq.

Thomas D. Buchanan, J.

This matter comes before the Court on the motion of Defendant seeking summary judgment dismissing the Complaint. Plaintiff has opposed the motion. The Complaint in this case contains causes of action including violation of the Public Health Law, negligence and wrongful death. On this motion, Defendant asserts that all reasonably necessary care was provided to Mr. Roslund, precluding liability and requiring an award of summary judgment to Defendant. 
At the outset, a point of procedure should be addressed. The initial filing of this motion did not include a Notice of Motion. Plaintiff argues that this omission deprives the Court of jurisdiction to consider the defense motion. There are different lines of case authority holding that failure to serve proper notice of a motion is either an irregularity that can be overlooked under CPLR 2001 or a jurisdictional defect precluding a court's consideration of the motion (Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY Book 7B, CPLR C2211:7). Indeed, it has been held that opposing a motion made with insufficient notice is a waiver of the defect (see e.g. Ciafone v. Queens Ctr. for Rehab. and Res. Healthcare, 126 AD3d 662 [2d Dept 2015]). The difference in outcome appears to depend upon the particular facts. The case cited by Plaintiff (Wells Fargo Bank, N.A v. St. Louis, 229 AD3d 116 [2d Dept 2024]) derives from a line of cases where no motion papers were served at all, giving the adverse party no actual knowledge of the motion. In cases where papers were served, but insufficient time to respond was given, the courts have been more likely to ignore the defect in the absence of prejudice (see e.g. Miller v. New York State Div. of Human Rights, 129 AD3d 972 [2d Dept 2015]).
In this case, the date for service of Defendant's motion, and its return date, were set by the Court in a "so-ordered" letter filed in NYSCEF on December 16, 2024. Defendant timely filed its motion papers in NYSCEF with the exception of the Notice of Motion. Counsel for Defendant asserts that this was a simple error in scanning and uploading the motion papers. That [*2]appears to be the case, as the document in NYSCEF entitled "Notice of Motion" is actually a second copy of counsel's affirmation. Counsel for both parties corresponded with the Court as to the length of expert affirmations to be submitted with their respective motion papers. Indeed, the first of these letters from Plaintiff's counsel acknowledged receipt of Defendant's motion for summary judgment. The motion has been fully submitted. Under these circumstances, Defendant's failure to upload (and thus serve) a Notice of Motion with its initial papers is an irregularity that will be overlooked. 
The answer is different when the remainder of Defendant's motion papers is examined. The proponent of a summary judgment motion bears the initial burden of making a prima facie showing of entitlement to judgement as a matter of law by submitting sufficient evidence to show that no material issues of fact exist (Winegrad v. New York Univ. Med. Ctr., 64 NY2d 851 [1985]). The evidence submitted must be in admissible form (Zuckerman v. City of New York, 49 NY2d 557 [1980]). If that showing is made, the burden of proof then shifts to the responding party to show the presence of questions of fact requiring trial (Alvarez v. Prospect Hosp., 68 NY2d 320 [1986]). The facts must be construed in a light most favorable to the non-moving party (see e.g. Hanna v. St. Lawrence County, 34 AD3d 1146 [3d Dept 2006]). 
Defendant submits an affirmation of its counsel, to which are attached copies of the pleadings and various items of proof, including copies of records from three hospitals, Mr. Roslund's chart from Community Care Physicians and Defendant's own records from Mr. Roslund's stay. Defendant also submits copies of transcripts from Plaintiff's deposition and the depositions of two of Defendant's nurses, as well as a portion of the State Operations Manual applicable to long-term care facilities. Finally, and central to Defendant's motion, Defendant submits an affirmation from its expert, who follows the timeline of events from Mr. Roslund's stay at Fulton Center and opines that Defendant's care and treatment of Mr. Roslund presented no departures from the applicable standards of nursing home care. 
In opposition, Plaintiff asserts that Defendant has not carried its initial burden of proof. In particular, Plaintiff takes issue with the admissibility of the records which form the basis of Defendant's expert opinion. Medical and hospital records are admissible under the business records hearsay exception either through foundational testimony or through certification (CPLR 4518). The records submitted by Defendant are not certified. An expert is allowed to provide an opinion based on otherwise inadmissible hearsay if it is the type of material commonly relied upon in the profession. However, the hearsay cannot be the sole basis of the expert's opinion but rather can only be a link in the chain of data that leads to the opinion (see Delosh v. Amyot, 186 AD3d 1793 [3d Dept 2020]; Kendall v. Amica Mut. Ins. Co., 135 AD3d 1202 [3d Dept 2016]). While Defendant's expert states that he reviewed the Verified Complaint, Bill of Particulars and deposition testimony, a fair reading of his affirmation shows that the great bulk, if not all, of his expert opinion is based on his review of the uncertified records. 
Defendant's arguments in reply are unavailing. Defendant's assertion of the statutory presumption of authenticity for records produced in discovery is misplaced. The presumption is conferred for documents produced by the opposing party in response to a discovery demand (CPLR 4540-a). Defendant's expert utilized Defendant's own records and records from non-party medical and hospital providers, neither of which qualify for the presumption (see Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY Book 7B, CPLR 4540-a). 
Defendant cites Tomeo v. Beccia (127 AD3d 1071 [2d Dept 2015]) to argue that Plaintiff's expert relied on the same medical records. However, this discussion in the Tomeo [*3]opinion is dicta; the opinion specifically states that the issue was not properly before the appellate court. Also, at the risk of over-reading the Tomeo opinion, the objection raised was to the admissibility of "certain medical records" submitted by the defendant hospital, while in this case all of the records underlying Defendant's expert opinion were uncertified. Moreover, this argument is not fully relevant to Defendant's initial burden of proof, which must be met without reference to the papers offered in opposition (Winegrad, 64 NY2d at 853). 
With no admissible records to support the opinion of its expert, Defendant's motion is eviscerated. The parties' remaining contentions have been considered, but do not alter the outcome of this motion. Therefore, in consideration of the foregoing, it is hereby
ORDERED, that the motion by Defendant seeking summary judgment dismissing the Complaint is denied.
Dated: May 12, 2025
Thomas D. Buchanan
Supreme Court Justice
Papers considered:
Notice of Motion; Statement of Material Facts; Affirmation of Patrick A. Dolan, Esq., with annexed exhibits (including expert affirmation); Affirmation in Opposition of Graham A. Thompson, Esq., with annexed exhibits; Affirmation in Opposition of Patricia L. Roslund, with annexed exhibits; Expert Affirmation in Opposition, with exhibit; Counterstatement of Material Facts; Memorandum of Law in Opposition; Affirmation in Reply of Patrick A. Dolan, Esq., with annexed exhibits.